PLATZ *v.* LAPINSKI.

1. Usury—Construction of Statute—Small Loan Act.

Strict construction should be placed on language of small loan act (3 Comp. Laws 1929, § 12198 *et seq.*), and rules pertaining to usury in ordinary loans need not be applied.

2. Same—Deduction of Money for Insurance.

Company operating under small loan act (3 Comp. Laws 1929, § 12198 *et seq.*), and making loan on automobile had right to insist that it be insured, and therefore deducting enough money from proceeds of loan to pay for insurance did not constitute usury.

3. Replevin—Usury—Small Loan Act.

In replevin for possession of automobile covered by chattel mortgage, on which default was made, where defense was usury in violation of small loan act (3 Comp. Laws 1929, § 12198 *et seq.*), judgment in favor of plaintiff *held,* justified under facts, which were stipulated.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted April 11, 1933. (Docket No. 83, Calendar No. 37,066.) Decided May 16, 1933.

Replevin in common pleas court by Byron H. Platz, as assignee of note and chattel mortgage against Joseph Lapinski for possession of the automobile covered by the chattel mortgage. Judgment for defendant. Plaintiff appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*James A. Kates,* for plaintiff.

*Leo Hartford,* for defendant.

SHARPE, J.  The facts in this case are stipulated. The Auto Loan & Discount Company was duly licensed to operate under what is known as the "small loan act" (3 Comp. Laws 1929, § 12198 *et seq.*). Under section 12210 interest may be charged at a rate not exceeding 3½ per cent. per month on loans not exceeding $300.  It further provides:

"In addition to the interest herein provided for, no further or other charge or amount whatsoever for any examination, service, brokerage, commission, or other thing or otherwise shall be directly or indirectly charged, contracted for, or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording or releasing in any public office any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter."

If interest in excess of this rate be—

"charged, contracted for, or received, the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever."

This company, on January 9, 1932, received a promissory note from the defendant in the sum of $185.50, with interest at 3½ per cent. per month, secured by a chattel mortgage on an automobile owned by him.  It gave him in payment therefor a check payable to himself for $164.50, a check payable to himself and an insurance company for $19, and a check payable to himself for $2.  It is admitted that the check for $19 was indorsed by defendant and paid to the insurance company, and that a policy insuring his automobile was issued to defendant therefor, and that—

"the $2 check was indorsed by Lapinski and the items making up this sum were recording mortgage in Lansing 50 cents; discharging mortgage in Lansing 50 cents; recording mortgage in Detroit 25 cents; discharging mortgage in Detroit 25 cents and notary public fee 50 cents."

It further appears in the stipulation that defendant had no insurance on his car at the time of making the loan, and that there was at that time a mortgage on it which was afterwards discharged of record, and "that none of the proceeds of the two checks went to the lender."

The note and mortgage were duly assigned to the plaintiff. The defendant made certain payments thereon. When in default, the plaintiff demanded possession of the automobile, which was refused. He then brought replevin therefor in the common pleas court of the city of Detroit, and judgment was rendered for defendant. On appeal to the circuit court, a judgment for plaintiff was rendered, from which the defendant has taken this appeal.

We are in accord with the claim of counsel for defendant that a strict construction should be placed upon the language of this statute, and that the rules pertaining to usury in ordinary loans need not be applied. Its purpose and intent are plain. A lender may not, by an exaction for examination of title, service, brokerage, commission, or other purpose, reduce the amount actually paid to the borrower, except for the "filing or recording" of the instrument securing the loan or the releasing of any security then existent on the property mortgaged.

The Auto Loan & Discount Company was certainly justified in insisting that defendant's automobile be protected by insurance before accepting a mortgage on it as security for the loan. Defendant apparently had not the money to secure such insur-

ance, and desired that a part of that loaned to him should be used for that purpose. The company made its check for the $19 payable to him and the insurance company. The use to which it was put cannot be said to have been a cover for excessive interest or a violation of the statute. The lender had the right to insist that the defendant should secure the payment of the note by a mortgage duly executed on property free from incumbrance. The use to which the $2 was put in no way violated the statute. No part of it was retained by the lender, and it cannot be treated as interest charged on the loan made.

The judgment is affirmed.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.